Richard J. Ryan, Esq. (SBN 106587)
Jeffrey T. Whitney, Esq. (SBN 163824)
Aaron J. Weissman, Esq. (SBN 097231)
**R.J. RYAN LAW, APC**
500 North Brand Boulevard, Suite 950
Glendale, CA 91203
Telephone: (818) 956-3600
Facsimile: (818) 956-3936
rick@rjryanlaw.com
jeff@rjryanlaw.com
aaron@rjryanlaw.com

Attorneys for Defendant
CARE AMBULANCE SERVICE, INC., a
California Corporation, (erroneously sued and
served as CARE AMBULANCE, ET AL.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ROBERT MIRSHAFIEE,<br><br>                Plaintiff,<br><br>        v.<br><br>CARE AMBULANCE, ET AL, DOES 1-10,<br><br>                Defendants. | CASE NO.: SACV 18-_____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)**<br><br>Action Filed:    April 25, 2018<br>Trial Date:    None Set |
| --- | --- |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, CARE AMBULANCE SERVICE, INC., ("Defendant"), hereby removes the state court action described below to this Court.

1.     On April 25, 2018, an action was commenced in the Superior Court of the State of California in and for the Court of Orange, entitled <u>Robert Mirshafiee v. Care Ambulance, et al., Does 1-10</u>, as Case Number 30-2018 00988414 CU-PO-CJC. A true and correct copy of the Complaint is attached hereto as Exhibit "A" and is incorporated herein by this reference.

2.     On May 10, 2018, Defendant, Care Ambulance Service, Inc., was purportedly personally served with a copy of the Summons and Complaint. A true and correct copy of

1

R.J. RYAN LAW, APC
500 North Brand Boulevard, Suite 950
Glendale, California 91203

the Summons is attached as Exhibit "B" and is incorporated herein by this reference.

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

4.    Removal to this district court is proper under 28 U.S.C. §1446(b) because the state court action is geographically located with this Court's district.

5.    Thirty days since first receipt of a copy of the Complaint via personal service on Defendant have not yet expired.

Dated: June 11, 2018    R.J. RYAN LAW, APC

By: _____
    Richard J. Ryan, Esq.
    Jeffrey T. Whitney, Esq.
    Aaron J. Weissman, Esq.
    Attorneys for Defendant
    CARE AMBULANCE SERVICE, INC., a
    California Corporation

R.J. RYAN LAW, APC
500 North Brand Boulevard, Suite 950
Glendale, California 91203

2

# EXHIBIT A

3

**FILED ON DEMAND**

2:00 PM
5/10/2018
Rec. By
Bill Weston

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 25 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: ___H. MITCHELL___ DEPUTY

Robert Mirshafiee
1396 Pinewood Dr
Corona, CA 92881
951-751-8614

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

**30-2018**

**00 9 8 8 4 1 4**

Robert Mirshafiee,

Plaintiff

vs.                          et al

Care Ambulance, Does 1- 10

Defendant

)Case No.:
)
)DEPARTMENT:
)
)JUDGE: HONORABLE
)
)COMPLAINT (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52 (16)DEFAMATION AND SLANDER (42 U.S.C § 1983)

**JUDGE DEREK W. HUNT**

Plaintiff ROBERT MIRSHAFIEE, by himself, alleges and complains as follows(1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C § 1983)

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 1

4

## GENERAL ALLEGATIONS

Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et. seq. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a). Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in Anaheim, California, within the Southern District. Plaintiff has complied with Government Code et seq. At all times relevant to this complaint, Plaintiff was an individual residing in California. At all times relevant to this complaint, City of Anaheim et al, was a public municipal corporation or commonly known as a public entity: and includes but is not limited to each of the following named individuals who are believed to have had some connection with this issue whether directly or indirectly through virtue of employment with the City of Anaheim et al as follows:. At all times relevant to this complaint Jon Lewis was the chief of Anaheim Police Department and a policy-maker. At all times relevant to this complaint Diane B. Dixon was the First District Council person of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Brad Avery was the Second District Council person of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Duffy Duffield was the Third District Council person and Mayor of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint, Kevin Muldoon was the Fourth District Council person of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Jeff Herdman was the Fifth District Council person of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Scott Peotter was the Sixth District Council person of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Will O'Neill was the Seventh District Council person and Mayor Pro Tem of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Aaron Harp was the City Attorney of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint, Dave Kiff was the City Manager of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Leilani I. Brown was the City Clerk of Anaheim Municipal Corporation and a policy-maker. At all times relevant to this complaint Chip Duncan, interim fire chief and a policy-maker. At all times relevant to this complaint Anaheim Global Medical Center et al was a private corporation operating in Orange, County, California in conjunction with

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 2

5

the Anaheim Fire Department for purposes of administering medical diagnosis and aid to the public while employing emergency response providers who were acting within the scope of their employment. At all times relevant to this complaint, Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 10, inclusive, and/or is truly ignorant of the specific facts giving rise to each and their liability.

## FACTS

Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

## INTRODUCTION

On or about November 26, 2017, Plaintiff, ROBERT MIRSHAFIEE, had visited the city of Anaheim with a friend. Plaintiff visited a restaurant where they were serving food and drink. Plaintiff had decided to visit the establishment named The Cheesecake Factory located at 321 W E Katella Ave, Anaheim, CA 92802. Plaintiff had the right and access to enter and enjoy the entertainment provided to patrons.

After several minutes passed Plaintiff met his friend and had a conversation in the restaurant. Plaintiff and his friend decided to order food. Plaintiff and the friend had continued to have a brief conversation while sitting at the table. The food was prepared and brought to the table. The food was not cooked thoroughly as ordered and Plaintiff made a complaint to the staff. During the conversation, Plaintiff turned to his friend and accidentally fell off the seat as Plaintiff attempted to maneuver out of the booth with the intention to use the restroom. The staff waiter of the restaurant did not move out of the way and caused Plaintiff to trip and land on his head. The friend accompanying Plaintiff was concerned. Staff of the restaurant became aware of the incident and for some reason they decided to call for EMS help. Plaintiff sat in shock as he could not believe the incident. Plaintiff was resting and recovering from the fall, Plaintiff noted other people approaching in the restaurant and causing a lot of commotion. Plaintiff wondered what was going on as these people approached Plaintiff and began to grab Plaintiff thereby placing Plaintiff in a state to fear for his life and his general welfare. Shortly afterward, those people were identified as Emergency Medical Services staff of whom which arrived together and included both the Fire Department and Care Ambulance Service. Plaintiff was still recovering and not reasonably comfortable about talking to people that were not already known to Plaintiff.

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 3

Emergency Medical Services staff approached Plaintiff and began questioning every aspect of the incident. Plaintiff was not comfortable with providing any answers to anyone about the incident or anything related to the incident because Plaintiff likes to write out details when he is in a calm state of mind. Plaintiff acknowledged the presence of Emergency Medical Services staff and refused to be treated at all whatsoever. The Emergency Medical Services staff began to take measures in contradiction to Plaintiff's request to refuse services. The Emergency Medical Services staff began to tell Plaintiff that it was the intent of the Emergency Medical Services staff to take Plaintiff against his will to the hospital even though Plaintiff might show and feel coherent and capable of caring for himself The Emergency Medical Services staff continued to hold onto Plaintiff by attempting to restrain Plaintiff thereby taking away Plaintiff's right to be free.

Emergency Medical Services staff saw that they were having trouble essentially kidnapping Plaintiff and motioned over to the local ambulance company for assistance in bringing the gurney closer. The local ambulance employees approached Plaintiff with the gurney. Emergency Medical Services staff were attempting to restrain Plaintiff. Instead of approaching the scene with caution and care, the Fire officers who arrived on scene kept arguing with Plaintiff and grabbing Plaintiff without notice. Plaintiff did not know what was happening to Plaintiff so Plaintiff tried to talk and reason his way to escape those EMS staff from trying to unlawfully take Plaintiff. The Fire department and Care Ambulance staff on scene grabbed a hold of Plaintiff and told him they would not let him to be left alone as he demanded, instead those staff told Plaintiff that they intended to call the police and have Plaintiff arrested if he did not comply. Plaintiff tried to move away but he couldn't, so Plaintiff voiced his concern. The Fire department and Care Ambulance staff ignored Plaintiff, saying "I don't believe you, and we are taking you no matter what you say." The Fire department staff decided to assist Care Ambulance to place Plaintiff onto the gurney thereby arresting Plaintiff under false pretense that Plaintiff could not leave or refuse service as if Plaintiff had committed a crime. Plaintiff was then forced onto an ambulance where Plaintiff was kidnapped by being transported against his will to a local hospital where Plaintiff did not receive any medical services.

## CAUSES OF ACTION ALLEGED

### FIRST CAUSE OF ACTION

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 4

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) Unlawful Stop and Detention against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. 42 U.S.C. § 1983 provides in part: Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress. Plaintiffs had a firmly established right under the Fourth Amendment to be free from unreasonable seizure. A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure. A Fire officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime. Plaintiff had committed no criminal offense when Defendants initiated the response to the incident in the private restaurant in Anaheim, CA 92663. Plaintiff attempted to regain control of the right to move freely from restraints and other harm. Plaintiff announced his innocence. Defendants knew that there was no basis for a stop or deprivation of the rights and liberties of Plaintiff. Defendants acted unreasonably in taking Plaintiff into custody without due process or conducting a primary investigation. Defendants were negligent in not conducting a thorough and complete investigation. Defendants were negligent in depriving Plaintiff of freedom of speech. Defendants intentionally wrongfully deprived Plaintiff of the right to resist a wrongful citizen's arrest. Plaintiff was actually the victim of crimes of assault, battery, false arrest and false imprisonment, which actions were conducted in the direct view and control of Defendant. Defendant conspired with the other Emergency Medical Services staff to continue a false arrest onto Plaintiff. As a direct result of Defendants' actions, Plaintiff suffered both economic and noneconomic damages in the amount to be proven at trial.

## SECOND CAUSE OF ACTION

Violation of 42 U.S.C. § 1983 RETALIATION against Care Ambulance and Does 1-10. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Plaintiff had a Constitutional right as a citizen to petition the government for a redress of grievances. Plaintiff exercised his right under the First Amendment to ask for a supervisor of the Anaheim Fire Department and or Care Ambulance to come

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 5

8

to the scene after he was held for a short period of time and denied the right to make a statement in defense to the situation because after all Plaintiff had done nothing wrong nor did Plaintiff commit any crime. Plaintiff kept requesting assistance from a supervisor but was denied access. Defendants told Plaintiff that he could talk to someone at a later time because Plaintiff was being taken to the hospital

Defendants used force on the Plaintiff and arrested Plaintiff as retaliation because defendants wanted to protect the employees of the Emergency Medical Services staff and went so far to support and defend the employees by arresting Plaintiff and forcing him to be kidnapped and transported against his will. Defendants used force on the Plaintiff and arrested him as retaliation because Plaintiff referenced knowledge of the practice and procedure of Emergency Medical Services of Orange County. Defendants arrested Plaintiff based in part upon the exercise of Plaintiff's free expression of concern that he was being falsely accused and falsely arrested when he had done nothing wrong. As a result of Defendants' actions, Plaintiffs suffered damages in the amount to be proven at trial.

### THIRD CAUSE OF ACTION

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) Excessive Force against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Plaintiff had a firmly established right under the Fourth Amendment to be free from intentional infliction of physical abuse, assault, battery, and intentional infliction of emotional distress. Plaintiff had a firmly established right to be free from excessive force being used against him. Plaintiff posed no threat to Defendants' nor to anyone else when Emergency Medical Services staff used excessive force. There was no basis for the excessive force of the assault and battery that followed. There was no need for use of any force in this situation because there was no probable cause for an arrest by a citizen or otherwise. The Defendant's use of force in grabbing and pushing and arresting Plaintiff was unnecessary and negligent in that the action endangered the health and safety of Plaintiff and was unnecessary and excessive. Defendants acted under color of state law in violating Plaintiffs' rights. Defendants were acting in purported compliance with a policy promulgated by the Anaheim Fire Department, Care Ambulance, and Orange County Emergency Medical Services in using force against citizens who had broken no law. During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Anaheim. Defendants, acting under the

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 6

color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the California State Constitution and the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial. The conduct alleged herein was done in deliberate or reckless disregard of plaintiff's constitutionally protected rights. Plaintiff asks the court to take action in justifying the award of exemplary damages against all defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiff is also entitled to attorney fees and costs of suit herein.

## FOURTH CAUSE OF ACTION

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) Arrest Without Probable Cause also known as False Arrest against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Plaintiffs had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested Plaintiff without a warrant despite the fact that Plaintiff had committed no crime. Defendants arrested Plaintiff without probable cause. Defendants were at this time performing their duties as employees of Care Ambulance in conjunction with other agencies involved such as City of Anaheim et al and Anaheim Global Medical Center et al. During the relevant period. Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the City of Anaheim. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and thereby suffered injuries as a result of the Defendants' actions. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

## FIFTH CAUSE OF ACTION

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16) DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 7

10

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) False Imprisonment against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that Plaintiff had committed no crimes. False imprisonment is the nonconsensual, intentional confinement of a person. without lawful privilege, for an appreciable length of time. however short. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 et seq. and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example. As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

### SIXTH CAUSE OF ACTION

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) Medical Malpractice against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference Defendants intentionally and maliciously threatened to harm Plaintiff. Defendants tried to administer unnecessary medical aid to Plaintiff after Plaintiff competently and knowledgably refused all medical services. Defendants acted with reckless disregard of the law and of the legal rights of Plaintiff in threatening to cause harm unto Plaintiff. Plaintiff was subjected to humiliation. fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions. Plaintiff is entitled to compensatory damages, punitive damages. attorney's fees under 42 U.S.C. § 1988, and all applicable law. and such additional relief as the Court deems just.

### SEVENTH CAUSE OF ACTION

Plaintiff alleges Assault against all Defendants.  Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Defendants assaulted Plaintiff by intentionally placing Plaintiff in imminent apprehension of physical violence. Defendants threatened to use force upon Plaintiff. Defendants acted with the intent to cause harmful or offensive contact with Plaintiff and the intended harmful or offensive contact did in fact occur. The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Plaintiff and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place. As a result of the defendants' intent to cause harmful or offensive contact with Plaintiffs and the fact that the intended harmful or offensive contact did in

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 8

fact occur, Plaintiff suffered damages in an amount according to proof at the time of trial. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

## EIGHTH CAUSE OF ACTION

Plaintiff alleges Battery against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Defendants acted with the intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur. The harmful or offensive contact was not privileged nor consented to. As a result of the Defendants' intent to cause harmful or offensive contact with Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff has suffered damages according to proof at the time of trial. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

## NINTH CAUSE OF ACTION

Plaintiff alleges Intentional Infliction of Emotional Distress against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. By engaging in the acts alleged herein, Defendants engaged in outrageous conduct with an intent to cause or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

## TENTH CAUSE OF ACTION

Plaintiff alleges Negligence against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another. By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff. Defendants failed to act with ordinary care, and so doing, failed to properly train and supervise their officers with respect to proper procedures on

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C § 1983) - 9

12

detention and arrest of citizens; the use of force in effectuating arrests; and the proper procedure for responding to distressed citizens of the public. As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

## ELEVENTH CAUSE OF ACTION

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) against all Defendants. for failure to properly screen and hire. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. The defendants, their agents. servants and employees failed to adequately and properly screen and hire the defendant employees. The failure of these defendants to properly screen and hire the defendant EMS staff as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated. Due to the acts of the defendants. the failure to properly screen and hire EMS providers and the continued employment of the defendant EMS providers present a clear and present danger to the residents and visitors of the City of Anaheim, County of Orange, and State of California. The lack of adequate screening and hiring practices by the defendants evince deliberate indifference to the rights of Plaintiff and others in similarly situated. These hiring practices led to the employment of Defendants and caused the harms suffered by Plaintiff in this case. As a result of Defendants' actions, Plaintiffs suffered physical and psychological injuries. As a direct. proximate and foreseeable result of defendants' breach of their duty of care. Plaintiff suffered damages in an amount according to proof at the time of trial.

## TWELFTH CAUSE OF ACTION

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) For Failure to Properly Train Against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. The Defendants. as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force; and to prevent extra punishment by employees. Defendants failed to provide adequate training to employees on the proper protocol and procedure on detention and arrest of citizens; the use of force in effectuating arrests, etc. Therefore, these defendants. with deliberate indifference. disregarded a duty to protect Plaintiff who is a

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 10

13

member of the public from official misconduct. The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiff and others. The constitutionally infirm lack of adequate training as to the employees in this case, caused plaintiffs' damages. As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries. As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

## THIRTEENTH CAUSE OF ACTION

Plaintiff alleges Civil Rights Action (42 U.S.C. § 1983) For Failure to Supervise and Discipline Against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Defendants, as a matter of custom, practice and policy, failed to supervise it's employees to prevent, deter and punish the unconstitutional and excessive use of force. Upon information and belief, the defendants knew or should have known of the dangerous propensities of defendants but took no steps to supervise them, correct their abuse of authority, or discourage their unlawful use of authority. To the contrary, defendants condoned and acquiesced in the abusive behavior by refusing to retrain them, discipline them, or correct their abusive behavior. Defendants were not disciplined for their use of force on Plaintiff. Defendants were, or should have been aware that the policy regarding supervision and discipline of employees who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their employees. The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of Plaintiff and others in his position. The lack of adequate supervision and discipline caused plaintiffs' damages. As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## FOURTEENTH CAUSE OF ACTION

Plaintiff alleges Monell Municipal Liability Civil Rights Action (42 U.S.C. § 1983) against all Defendants with regard to Policy of Use of Excessive Force. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Defendants promulgated and maintained an unconstitutional policy, ordinance or regulation which allowed its employees to use threats and coercion in violation of the rights of citizens. Defendants were deliberately indifferent to the widespread misconduct on the part of employees in detaining citizens

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 11

14

who had committed no crimes. Defendants were deliberately indifferent to the widespread misconduct on the part of its employees in the application of unnecessary and excessive use of force. Defendants were deliberately indifferent to the widespread use threats and coercion by its employees and failed to set forth appropriate policy regarding the use force as required by Bryan v. MacPherson, 590 F.3d 767 (9 Cir. 2009). During the relevant period defendant knew or should have known of the risks posed by the policies regarding the improper and excessive use of force. The defendant was deliberately indifferent to the right of Plaintiff to be free from, and protected from, harm by the brutality of its employees and to be secure in their bodily integrity. As a direct result, plaintiff was battered, intentionally and negligently inflicted with emotional distress and his Constitutional rights were violated. The unlawful and illegal conduct of the Defendant deprived Plaintiff of the rights, privileges and immunities secured to him by the Constitutions of the United States and of the State of California. As a direct, proximate and foreseeable result, Plaintiff suffered damages in an amount according to proof at the time of trial.

### FIFTEENTH CAUSE OF ACTION

Plaintiff alleges California Civil Rights Violation (Section 52.1) against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Plaintiff had a firmly established right to be free from oppression under the First Amendment through the Fourteenth Amendment. Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the California Constitution. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion. The Defendants interfered with Plaintiffs' rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the California State Constitution by the use of force alleged above. This interference with Plaintiffs' rights was perpetrated by the Defendants in violation of California Civil Code§ 52.1 and their right under the Fourth and Fourteenth Amendments to be free from excessive force under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution and the California Constitution. Due to the violation of Plaintiffs' rights by all Defendants, Plaintiff suffered economic damages and

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 12

15

non-economic damages. including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial. Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code§ 52.1, attorneys' fees and costs of suit incurred herein. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed as is possible against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendants are liable for the acts of the involved employees as they have agreed with and or ratified the acts.

## SIXTEENTH CAUSE OF ACTION

Plaintiff alleges Defamation and Slander against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Defendants acted with malice to unlawfully harm the reputation of Plaintiff by filing false reports. Through the actions of Defendants, Plaintiff has suffered irreparable harm. Thereafter Plaintiff sought to make complaints to management and to the city of Anaheim, and did so at a city hall meeting the following week. Nevertheless the acts of Defendants thereby prevented Plaintiff the right to free speech and the right to submit a valid formal complaint.

## II.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

On November 26, 2017 Plaintiff was involved in an incident where Plaintiff fell off a seat in the restaurant located at 321 W E Katalla Ave, Anaheim, CA 92802. [UMF 1] Plaintiff saw the Emergency Response Services staff and refused any of their offer to help. [UMF 2] Plaintiff was arrested and claims the Care Ambulance wrongfully arrested Plaintiff. [UMF 3] Care Ambulance wrote a report which Plaintiff asserts to be a false report. [UMF 4]

## III.

## ARGUMENT

The following argument proves the alleged causes of action were willful and were intentional or negligent at the very least in severity, characterized as follows: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 13

PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16) PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF (17) INTIMIDATING AND THREATENING WITNESSES (42 U.S.C. § 1983) (18) DEFAMATION AND SLANDER (42 U.S.C. § 1983) Section 1983 makes it unlawful for anyone acting under the authority of state law to deprive another person of his or her rights under the Constitution or federal law. The most common claims brought against EMS providers are false arrest (or false imprisonment), malpractice and use of excessive or unreasonable force.

Plaintiff's claim and complaint follows closely the essential elements of CCP 425.10. It is evident and apparent that Plaintiff claims the Defendant falsely arrested Plaintiff. Plaintiff shows through discovery that Defendant had no legal authority that amounted to a set of circumstances that would lead a reasonable person to believe that Plaintiff committed a crime Defendant acted out of Malice and collective gross Negligence. Plaintiff has also provided for the specific relief sought in the Complaint that initiated the lawsuit which includes in part injunctive relief and monetary damages that would adequately restore Plaintiff and give the due consequential liability from Defendant to Plaintiff for the unfair, unlawful actions of which damaged Plaintiff and is agreeable and exclusively makes Defendant liable.

Defendant assumes that the existence of an arrest and the agreeable fact that there may not have been any handcuffs used is enough evidence to prove that the arrest or a less severe detention was in fact valid. Defendant cannot provide for correct reasoning for the arrest to occur since the actual circumstances of the matter directly point to the Defendant's negligence in not arresting those people who were assaulting and battering Plaintiff. Plaintiff detrimentally relied upon both of the officers', who made the arrest, conduct and promises of authority and justice. This fact suggests and is agreeable evidence of a false arrest. [UMF 3] To prevail on a false arrest claim, the victim must show that the arresting officer lacked probable cause, that is, facts sufficient to cause a reasonable person to

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 14

17

believe that a crime had been committed. Plaintiff can show that Defendant maliciously arrested Plaintiff and negligently and intentionally failed to arrest those people who were involved in the incident of assault onto Plaintiff. Plaintiff can show through discovery documents that Defendant acted with malice and in gross negligence thereby depriving Plaintiff of those inalienable rights of every citizen of the United States to life, liberty and the pursuit of happiness. The set of circumstances surrounding the arrest are also included in the malice and negligence of the EMS providers of Care Ambulance et al.

## Points and Authorities

B. Authority To Detain A Person Is Based On "Reasonable Suspicion"

A Fire officer or Fire official is authorized to detain a person when the officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity."70 A fuller statement of the test is. "the circumstances known or apparent to the officer must include specific and articulable facts which, viewed objectively, would cause a reasonable officer to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur. and (2) the person the officer intends to stop or detain is involved in that activity."71 The factors relevant to whether an officer has reasonable suspicion in different situations are evaluated in hundreds of cases too voluminous to cover here. A good resource for an overview of the relevant cases is the CEB California Judge's Benchbook - Search and Seizure.

C. A Special Relationship Gives Rise To A Duty

An exception to the "no duty" to assist rule is the special relationship doctrine. A "special relationship" between a citizen and the Fire, giving rise to a duty, arises only in rare circumstances when Fire conduct "not only contributed to and increased the preexisting risk. but also changed the risk that would otherwise have existed ... (there is) detrimental reliance on the officers' conduct that prevented them from seeking other assistance; and ... the officers' conduct lulled the ... (citizen) into a false sense of security." 43 A duty of protection or assistance may arise from a special relationship created by an officer's words or conduct.44 To establish such a relationship, the plaintiff must demonstrate that an officer assumed a greater duty than that generally owed to members of the public. 45 Courts apply this doctrine narrowly to "a limited class of unusual cases."46 A plaintiff may contend an officer undertook a greater duty by voluntarily providing assistance and by implied and

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 15

express promises to provide a particular level of protection. 47 A plaintiff may also claim dependence on the officer, who by his or her conduct and promises, lulled the plaintiff into a false sense of security, inducing detrimental reliance on the officer for protection. 48 However, a special relationship does not arise if the "Fire conduct only incrementally increased the risk to which the injured person was already exposed." 49 For instance, an officer merely stating to a citizen that an officer will be "(r)esponding to a call for assistance is 'basic to Fire work and not "special" to a particularized individual.' " and therefore, does not give rise to a special relationship.

32 Minch v. Department of California Highway Patrol, 140 Cal.App.4th 895, 908 (2006).

33 Williams, supra, 34 Cal.3d at 23.

34 Id. at 23-24; Zelig v. County of Riverside, 27 Cal.4th 1112, 1129 (1998).

35 Zelig v. County of Riverside. 27 Cal 4th 1112, 1129 (1998), citing Williams, 34 Cal.3d at 25.

36 Adams v. City of Fremont, 68 Cal.App.4th 243, 275 (1998). 37 Hartzler v. City of San Jose, 46 Cal.App.3d 6, 10 (1975).

38 Rose v. County of Plumas, 152 Cal.App.3d 999, 1004 (1984)

39 Lopez v. City of San Diego, 190 Cal.App.3d 678, 682 (1987)

40 Von Batsch v. American Dist. Telegraph Co., 175 Cal.App.3d 1111, 1122 (1985).

41 Davidson v. City of Westminster, 32 Cal.3d 197, 206-09 (1982).

42 Id.

43 Adams, supra, 68 Cal.App.4th at 284.

44 M.B. v. City of San Diego, 233 Cal.App.3d 699, 704-705 (1991); Minch, supra, 140 Cal.App 4th at 905. 45 Walker, supra, 192 Cal.App.3d at 1398.

46 Minch, supra, 140 Cal.App.4th at 905.

47 Zelig, supra, 27 Cal.4th at 1129; Walker, supra, 192 Cal.App.3d at 1399.

48 Walker, supra, 192 Cal.App.3d at 1399; Adams, supra, 68 Cal.App.4th at 281-82.

49 Adams, supra, 68 Cal.App.4th at 284.

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 16

50 Adams, supra, 68 Cal.App.4th at 279 quoting M.B. v. City of San Diego, supra, 233 Cal.App.3d at 706. 51 M.B. v City of San Diego, supra, 233 Cal.App.3d at 702.

70 United States v. Cortez, 449 U.S. 411, 417-18 (1981), overruled on other grounds by United States v. Little, 18 F.3d 1499 (10th Cir 1994) (en banc); Terry v. Ohio, 392 U.S. 1 (1968); People v. Souza, 9 Cal.4th 224, 231 (1991).

71 People v. Conway, 25 Cal. App. 4th 385, 388 (1994).

72 Florida v. Bostick, 501 U.S. 429, 438 (1991); Brendlinf v. California, 551 U.S. 249, 256-57 (2007)

73 People v. Zamudio, 43 Cal.4th 327, 345 (2008); U.S. v. Thompson, 106 F.3d 794, 798 (7th Cir. 1997); U.S. v. Analla, 975 F.2d 119, 124 (4th Cir. 1992).

74 U.S. v. McFarley, 991 F.2d 1188, 1191 (4th Cir. 1993); Ford v. Superior Court, 91 Cal.App.4th 112, 128 (2001).

75 McFarley supra; United States v. Kim, 25 F.3d 1426, 1430 (9th Cir. 1994).

76 United States v. Sharpe, 470 U.S. 675, 686 (1985).

77 Knowles v. Iowa, 525 U.S. 113, 118-19 (1998).

78 People v. Gallardo, 130 Cal.App.4th 234, 238 (2005).

In federal case law, the "duty to investigate" or further investigate has a checkered history in the Ninth Circuit, but currently there is no such duty. In 2001, in Arpin v. Santa Clara Valley Transportation Agency, the Ninth circuit held "officers may not solely rely on the claim of a citizen witness that he was a victim of a crime to establish probable cause, but must independently investigate the basis of the witness' knowledge or interview other witnesses."25

In 2003, without mentioning Arpin, the Ninth Circuit held there is no general duty to further investigate a claim of innocence or the lack of criminal intent, "once probable cause is established."26 However, an officer cannot simply ignore evidence "that would negate a finding of probable cause."27 Later in 2003, in Peng v. Mei Chin Penghu, the Ninth Circuit held that, despite Arpin, probable cause is established without such an independent investigation, if the victim provides " 'facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator.' "28 And just after Peng, the Ninth Circuit held there is no duty to

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 17

investigate, but rather, the failure to investigate must involve "another recognized constitutional right" to arise to a cognizable claim. 29 For instance, an intentional failure to investigate due to racial discrimination violates the equal protection clause.30 More recently, in John v. City of El Monte31, the Ninth Circuit ostensibly harmonized Arpin and Peng by stating:... in Peng, we concluded that because the alleged victim provided sufficiently detailed facts regarding the incident, her allegations alone sufficed to establish probable cause for the arrest. Arpin v. Santa Clara Valley Transportation, 261 F.3d 912 (9th Cir.2001), is not inconsistent. There, we concluded that because the officers had based their arrest solely on an unexamined charge by a bus driver that a rider had assaulted him and had done no further investigation, they did not have probable cause. Arpin, 261 F.3d at 925. Accordingly, the independent investigation rule for solo reporting parties announced in Arpin appears to have been abandoned if the victim's statement is sufficiently detailed as in Peng. Arpin now appears to stand for the unremarkable proposition that probable cause does notarize if an uninvestigated complaint is not reasonably specific and there is no corroborating evidence.

24  Hamilton v City of San Diego, 217 Cal.App.3d 838, 846 (1990).

25 Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir 2001) (emphasis added).

26 Broam v. Bogan. 320 F.3d 1023, 1032 (9th Cir. 2003); accord Cameron v Craig, 713 F.3d 1012, 1019 (9th Cir. 2013).

27 Broam, supra.

28 Peng v, Mei Chin Penghu, 335 F.3d 970, 978 (9th Cir. 2003) citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1444 (9th Cir. 1991) quoting People v. Ramey, 16 Cal.3d 263 (1976).

29 Ogunrimu v. City of Anaheim , 79 F.App'x 961, 962-63 (9th Cir. 2003) quoting Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985).

30 Elliot-Park v. Manglona, 592 F.3d 1003, 1006 (9th Cir. 2010).

31 John v. City of El Monte, 515 F.3d 936, 941 (9th Cir. 2008).

CHAPTER 5. Arrest, by Whom and How Made [833 - 851.90]  ( Chapter 5 enacted 1872. )

836.

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 18

21

(a) A peace officer may arrest a person in obedience to a warrant or, pursuant to the authority granted to him or her by Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, without a warrant, may arrest a person whenever any of the following circumstances occur:

(1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

(2) The person arrested has committed a felony, although not in the officer's presence.

(3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed.

(b) Any time a peace officer is called out on a domestic violence call, it shall be mandatory that the officer make a good faith effort to inform the victim of his or her right to make a citizen's arrest, unless the peace officer makes an arrest for a violation of paragraph (1) of subdivision (e) of Section 243 or 273.5. This information shall include advising the victim how to safely execute the arrest.

(c) (1) When a peace officer is responding to a call alleging a violation of a domestic violence protective or restraining order issued under Section 527.6 of the Code of Civil Procedure, the Family Code, Section 136.2, 646.91, or paragraph (2) of subdivision (a) of Section 1203.097 of this code, Section 213.5 or 15657.03 of the Welfare and Institutions Code, or of a domestic violence protective or restraining order issued by the court of another state, tribe, or territory and the peace officer has probable cause to believe that the person against whom the order is issued has notice of the order and has committed an act in violation of the order, the officer shall, consistent with subdivision (b) of Section 13701, make a lawful arrest of the person without a warrant and take that person into custody whether or not the violation occurred in the presence of the arresting officer. The officer shall, as soon as possible after the arrest, confirm with the appropriate authorities or the Domestic Violence Protection Order Registry maintained pursuant to Section 6380 of the Family Code that a true copy of the protective order has been registered, unless the victim provides the officer with a copy of the protective order.

(2) The person against whom a protective order has been issued shall be deemed to have notice of the order if the victim presents to the officer proof of service of the order, the officer confirms with the appropriate

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 19

authorities that a true copy of the proof of service is on file, or the person against whom the protective order was issued was present at the protective order hearing or was informed by a peace officer of the contents of the protective order.

(3) In situations where mutual protective orders have been issued under Division 10 (commencing with Section 6200) of the Family Code, liability for arrest under this subdivision applies only to those persons who are reasonably believed to have been the dominant aggressor. In those situations, prior to making an arrest under this subdivision, the peace officer shall make reasonable efforts to identify, and may arrest, the dominant aggressor involved in the incident. The dominant aggressor is the person determined to be the most significant, rather than the first, aggressor. In identifying the dominant aggressor, an officer shall consider (A) the intent of the law to protect victims of domestic violence from continuing abuse, (B) the threats creating fear of physical injury, (C) the history of domestic violence between the persons involved, and (D) whether either person involved acted in self-defense.

(d) Notwithstanding paragraph (1) of subdivision (a), if a suspect commits an assault or battery upon a current or former spouse, fiancé, fiancée, a current or former cohabitant as defined in Section 6209 of the Family Code, a person with whom the suspect currently is having or has previously had an engagement or dating relationship, as defined in paragraph (10) of subdivision (f) of Section 243, a person with whom the suspect has parented a child, or is presumed to have parented a child pursuant to the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12 of the Family Code), a child of the suspect, a child whose parentage by the suspect is the subject of an action under the Uniform Parentage Act, a child of a person in one of the above categories, any other person related to the suspect by consanguinity or affinity within the second degree, or any person who is 65 years of age or older and who is related to the suspect by blood or legal guardianship, a peace officer may arrest the suspect without a warrant where both of the following circumstances apply:

(1) The peace officer has probable cause to believe that the person to be arrested has committed the assault or battery, whether or not it has in fact been committed.

(2) The peace officer makes the arrest as soon as probable cause arises to believe that the person to be arrested has committed the assault or battery, whether or not it has in fact been committed.

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 20

23

(e) In addition to the authority to make an arrest without a warrant pursuant to paragraphs (1) and (3) of subdivision (a), a peace officer may. without a warrant. arrest a person for a violation of Section 25400 when all of the following apply:

(1) The officer has reasonable cause to believe that the person to be arrested has committed the violation of Section 25400.

(2) The violation of Section 25400 occurred within an airport, as defined in Section 21013 of the Public Utilities Code, in an area to which access is controlled by the inspection of persons and property.

(3) The peace officer makes the arrest as soon as reasonable cause arises to believe that the person to be arrested has committed the violation of Section 25400.

(Amended by Stats. 2012, Ch. 867, Sec. 20. Effective January 1, 2013.)

PENAL CODE - PEN

PART 2. OF CRIMINAL PROCEDURE [681 - 1620] ( Part 2 enacted 1872. )

TITLE 3. ADDITIONAL PROVISIONS REGARDING CRIMINAL PROCEDURE [777 - 883] ( Heading of Title 3 amended by Stats. 1951, Ch. 1674. )

VI. DETENTION A. Federal And State Claims Can Be Made A claim of improper detention by a Fire officer can be asserted as a federal claim under 42 U.S.C. section 1983 for an unreasonable seizure under the Fourth Amendment or a state tort claim for false imprisonment. 69

67 Thompson v. City of Lake Elsinore, 18 Cal.App.4th 49, 54 (1993).

68 See Wilson v. County of San Diego, 91 Cal.App.4th 974, 982 (2001) (employee manual)

69 Moore v. City & County of San Francisco, 5 Cal.App.3d 728, 735 (1970).

VII. ARREST A. Probable Cause Is The Standard For Arrest 1. A "Fair Probability" Under The Totality Of The Circumstances Under federal case law, a "Fire officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime."104 Probable cause includes the "totality of the circumstances" and only requires that there be a "fair probability."105 Probable cause is a lower standard than a preponderance standard because it does not require a belief that is "more likely

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 21

24

true than false."106 Under state law, a Fire officer has the authority to arrest a person, if the officer has "probable cause" to believe that the person has committed a misdemeanor in the officer's presence or has committed a felony. Pen. Code § 836. (The misdemeanor-presence rule is discussed below.) The state courts use similar language to define probable cause. "Probable cause" to arrest exists when the facts and circumstances known to the arresting officer would cause a person of reasonable caution to believe an offense has been or is being committed by the person to be arrested. 107 Probable cause requires a "fair probability" the person committed a crime, and is evaluated through the eyes of the officer.108

100 Id.

101 Allen v. City of Riverside, 66 F.3d 1052, 1056 (9th Cir. 1995): accord People v. Johnson, 231 Cal.App.3d 1, 12-13 (1991); People v. Bowen. 195 Cal.App.3d 269, 274 (1987)

102 Dunaway v. New York. 442 U.S. 200. 212 (1979).

103 Florida v. Royer, 460 U.S. 491, 500 (1983); U.S v. Place, 462 U.S. 696, 709-10 (1983)

104 Tatum v. City and County of San Francisco, 441 F.3d 1090, 1094 (9th Cir. 2006); United States v. Buckner, 179 F.3d 834, 837 (9th Cir. 1999) ("fair probability" is sufficient for probable cause); United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986) ("fair probability")

105 Illinois v. Gates. 462 U.S. 213 (1983).

106 Texas v. Brown, 460 U.S. 730, 742 (1983).

107 People v. Souza, 9 Cal.4th 224. 230 (1994). 108 Bailey v. Superior Court. 11 Cal.App 4th 1107, 1111 (1992).

## ACCEPTABLE THEORIES OF LIABILITY

SECTION 1983

280. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights. privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 22

proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 281 For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. § 1979; Pub. L. 96–170. § 1. Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317. title III. § 309(c), Oct. 19 1996, 110 Stat. 3853.)

CCP § 425.10

(a) A complaint or cross-complaint shall contain both of the following:

(1) A statement of the facts constituting the cause of action, in ordinary and concise language.

(2) A demand for judgment for the relief to which the pleader claims to be entitled. If the recovery of money or damages is demanded, the amount demanded shall be stated.

(b) Notwithstanding subdivision (a), where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated, but the complaint shall comply with Section 422.30 and, in a limited civil case, with subdivision (b) of Section 70613 of the Government Code.

425.16.

(b) (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law. (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law. (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 23

Section 815.2 of the Government Code in essence states the following liability clauses for a public entity:

815.2.

(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Special Relationship

The fact that the governmental entity is brought to this court of justice for an arrest initiated and secured by the governmental agency in the pursuit of seeking justice in the name and authority of the public gives rise to the Special Relationship insofar as to guarantee a duty to protect and serve. The Defendant has inevitably created a Special Relationship with Plaintiff by protecting Plaintiff and accepting Plaintiff in the custody and care of Defendant's legal authority. [UMF 3]

Negligence

Negligence by any official Fire officer who is on duty does not apply the above Section 815.2 of the Government code (b) which would inherently provide for immunity.

Detention

The Defendant failed to provide for a reasonable cause for detention and thereby violated 42 U.S.C. section 1983.

Arrest

The Defendant also known as Defendant City of Anaheim et al failed to Mirandize Plaintiff; failed to state a reason for the arrest at the time of arrest; and failed to establish probable cause; and prohibited Plaintiff's right to freedom of speech and peaceful protest.

Fair probability

The officers also known as Defendant City of Orange et al failed to establish any fair probability that Plaintiff had committed any crime whatsoever.

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 24

27

Malicious Prosecution

A malicious prosecution claim asserts that the officer wrongly deprived the victim of the Fourteenth Amendment right to liberty. To win this type of claim, the victim must show four things: 1) the defendant Fire officer commenced a criminal proceeding; 2) the proceeding ended in the victim's favor (favorable circumstances to victim), 3) there was no probable cause; and 4) the proceeding was brought with malice toward the victim.

Reasonable Suspicion

The officers lacked reasonable suspicion and failed to provide for a set of circumstances that would give them reasonable suspicion to detain and further arrest Plaintiff. Fire officers failed to investigate the incident to determine who was most reasonably responsible for the scene where it seemed as Plaintiff was struggling for his life, liberty and his pursuit of happiness. [UMF 5]

"

### PRAYER FOR RELIEF OR JUSTICE AND DEMAND FOR JUDGEMENT

Robert Mirshafiee, Plaintiff, respectfully requests and calls on the Court to determine the truth as to the matter that is opposed by Defendant. Plaintiff's reputation has been irreparably damaged and can only be compensated for by just reasoning of this court. It shall be known that Plaintiff has been harmed as a result of the unreasonable wrongful actions of Defendant. Plaintiff cannot restore a truthful reputation in the community and therefore prays for the just compensation as is owed Plaintiff for the term of life. Plaintiff requests INJUNCTIVE RELIEF against all Defendants. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference. Plaintiff and others similarly situated face the real and immediate threat of repeated and irreparable injury and continuing, present adverse effects as a result of the unlawful misconduct, policies and practices of the Defendants. Plaintiff has no adequate and complete remedy at law but for a Restraining Order hereby requested against all Defendants and the termination of the employment of each individual Defendant and a bar from employment in a medical field or emergency services agency of any type by enforcing an injunctive relief for a period not less than 6 months. Plaintiff is informed and believes and thereon alleges that, unless enjoined,

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. § 1983) (6) MEDICAL MALPRACTICE (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 25

Defendants will continue to engage in the unlawful acts and in the policies and practices described above, in violation of the legal and constitutional rights of Plaintiff and others who are similarly situated.

As such is found to be the truth, Plaintiff prays upon this Court to restore Plaintiff or otherwise compensate Plaintiff for the wrongs proven to this Court and under the authority of justice to find in favor of Plaintiff. 1) Plaintiff prays for a judgement in the amount of $16,000,000.00, spelled out sixteen million dollars or as may be just according to proof and shall not include the undisclosed punitive damages amount sought. 2) Plaintiff prays for a finding of malice so that the Court will see that a just compensation to Plaintiff includes an assessment of punitive damages in an amount of one to ten times the amount awarded against all Defendants so that it would reflect a considerable amount that would further deter the wrongful behavior. 3). Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to the use of force.4) Entering judgment for compensatory general and special damages in an amount in accordance with proof. 5) Entering judgment for injunctive and exemplary damages against each of the individual defendants as is possible in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct. . 6) Awarding reasonable attorney's fees, expenses, and costs of suit. 7) Granting such other and further relief as the Court deems proper

Dated this 20th of April, 2018

_____

Robert Mirshafiee

COMPLAINT: (1) UNLAWFUL DETENTION (42 U.S.C. § 1983) (2) RETALIATION (42 U.S.C. § 1983) (3) EXCESSIVE FORCE (42 U.S.C. § 1983) (4) ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. § 1983) (5) FALSE IMPRISONMENT (42 U.S.C. §1983) (6) MEDICAL MALPRACTICE  (7) ASSAULT (42 U.S.C. § 1983) (8) BATTERY (42 U.S.C. § 1983) (9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (42 U.S.C. § 1983) (10) NEGLIGENCE (42 U.S.C. § 1983) (11) FAILURE TO PROPERLY SCREEN AND HIRE (12) FAILURE TO PROPERLY TRAIN (13) FAILURE TO SUPERVISE AND DISCIPLINE (14) MONELL LIABILITY FOR A PATTERN OF BRUTALITY (15) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (16)DEFAMATION AND SLANDER (42 U.S.C. § 1983) - 26

# EXHIBIT B

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Care Ambulance, et al ; *Does 1-10*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Robert Mirshafiee

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 25 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: H. MITCHELL ___ DEPUTY

**FILED ON DEMAND**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

700 Civic Center Drive West
Santa Ana, California 92701
Central Justice Center

**CASE NUMBER**
*(Número del Caso)*
**30-2018**
**00988414**

**JUDGE DEREK W. HUNT**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Robert Mirshafiee; 1396 Pinewood Dr. Corona CA 92881; 951-751-8614

DATE: **APR 2 5 2018**
*(Fecha)*

DAVID H. YAMASAKI

Clerk, by _____, Deputy
*(Secretario)*                              *(Adjunto)*
HEATHER MITCHELL

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Care Ambulance, et al

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Robert Mirshafiee<br>1396 Pinewood Dr<br>Corona, CA 92881<br><br>TELEPHONE NO. 951-751-8614          FAX NO.<br>ATTORNEY FOR *(Name)* self represented | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>APR 25 2018<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY: H. MITCHELL, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange

STREET ADDRESS     700 Civic Center Drive West
MAILING ADDRESS    Santa Ana, California 92701
CITY AND ZIP CODE  Central Justice Center
BRANCH NAME.

CASE NAME:
Mirshafiee V. Care Ambulance, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER. |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2018<br>JUDGE 00988414<br>DEPT.<br>JUDGE DEREK W. HUNT |

Items 1–6 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case  ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court  If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3  Remedies sought *(check all that apply)*. a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*· 16
5. This case  ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015)*

Date· 4/25/18

Robert Mirshafiee
_____
(TYPE OR PRINT NAME)                          ► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev  July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2 30, 3 220, 3 400–3 403, 3 740,
Cal. Standards of Judicial Administration, std  3 10
www courtinfo ca gov

32

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2